Zanni v Gomori (2022 NY Slip Op 07311)

Zanni v Gomori

2022 NY Slip Op 07311

Decided on December 22, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 22, 2022

Before: Webber, J.P., Friedman, Gesmer, Shulman, Rodriguez, JJ. 

Index No. 805479/16 Appeal No. 16970 Case No. 2021-01102 

[*1]Eve Zanni, Plaintiff-Appellant,
v
Elisabeth Gomori, M.D., et al., Defendants-Respondents.

Mark M. Basichas & Associates, P.C., New York (Aleksey Feygin of counsel), for appellant.
Rubin Paterniti Gonzalez Rizzo & Kaufman LLP, New York (Juan C. Gonzalez of counsel), for respondents.

Order, Supreme Court, New York County (Judith R. McMahon, J.), entered March 16, 2021, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
The motion court should have denied defendants summary judgment, as defendants failed to make a prima facie showing that they did not depart from good and accepted medical practice in treating plaintiff (see Anyie B. v Bronx Lebanon Hosp., 128 AD3d 1, 3 [1st Dept 2015]). Their expert opined, among other things, that "[defendants] properly advised a nuclear stress test when [plaintiff] complained of shortness of breath in December of 2014." However, the record demonstrates that plaintiff presented to defendants on March 15, 2012 with the same complaint of shortness of breath, yet defendants did not schedule a nuclear stress test during that visit. Because defendants did not adhere to the standard of care articulated by their expert, they failed to establish, as a matter of law, the absence of a departure from good and accepted medical malpractice to warrant summary judgment in their favor. In any event, even assuming defendants met their prima facie burden, the opinion of plaintiff's expert that defendants deviated from the standard of care by not referring plaintiff for a stress test during the March 2012 visit, and that plaintiff would have been a candidate for an angioplasty, a less invasive procedure than a triple bypass, had defendants recommended a stress test sooner, raised an issue of fact sufficient to defeat summary judgment (see Barry v Lee, 180 AD3d 103, 107-108 [1st Dept 2019]).
Contrary to defendants' contention, plaintiff was not precluded from relying on the acts or omissions of defendants that pre-dated June 14, 2014 — 2½ years before the commencement of this action on December 14, 2016 (see CPLR 214-a) — as the basis for his claim because defendants engaged in a continuous course of treatment related to her coronary artery disease since her initial visit in 2009 (see Hein v Cornwall Hosp., 302 AD2d 170 [1st Dept 2003]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2022